Good morning, all. The first case for argument this morning, Dominguez-Pulido v. Lynch, Mr. Berg. Good morning, Your Honor. Good morning, Mr. Berg. Good morning, Your Honors. Counsel, may it please the Court, my name is Roy L. F. Berg, and I represent the petitioner on this first matter before you this morning, Mr. Gustavo Dominguez-Pulido. He seeks review of three decisions of the Board of Immigration Appeals. Your Honors, when his father suffered several heart attacks and was unable to work, Mr. Dominguez got a job helping to support, and his family became the head of the family. One day, he and another young man made a mistake for which he has regretted ever since. He was arrested and charged with burglary to an auto. He pled guilty and was given probation, which he successfully completed. He volunteered at a food pantry, made restitution, and started working on getting his GED. Shortly before his GED exam, he was arrested at his home by agents of ICE, Immigration and Customs Enforcement. He was charged with being removed from the United States with the issuance of a notice to appear. The notice to appear of the NTA had two allegations, first that he was in the United States without having been inspected in the manner of parole, and the second that he had been convicted of a crime involving moral turpitude. When the government alleges a person is present without being inspected in the manner of parole, the government must first establish alienage under H.C.F.R. 1240.8. Here, the government did not do so. Judge DiMarzio ruled it had, based on a post-conviction petition, which the petitioner had filed. Counsel, in a brief, relies on the application for political asylum, and says that in that application, the petitioner knew that he was born in Mexico. Counsel, I'm not sure we have jurisdiction to review a sufficiency challenge. The sufficiency of removability? Right. I mean, we have jurisdiction over issues of law. Yes, Your Honor. And you're making an argument about the sufficiency of the government's evidence of alienage. Your Honor, our argument is that, as a matter of law, they did not establish, first, that he was not a citizen. That's a sufficiency of the evidence argument. Well, our argument is that is a question of earlier. We know that's your argument, but we have several cases saying you can't just call an issue a fact, an issue of law. It's like calling a donkey's leg, a tail, a leg. It still has only four, right? Is there any concrete response to the government's jurisdictional argument? Your Honor, it is my position, first, that it is a question of law, as we have framed it, and also— Right, but that's contrary to the law of this circuit, and you haven't asked us to overrule any of our cases. So, is there any other argument? We'd argue that it is a violation of this due process, how this proceeded, Your Honor. It's a violation of the regulation and a violation— What is the due process argument? Your brief seems to say there was a violation of regulations, and every violation of regulations violates the due process clause. The Supreme Court held in Kacharis that that argument is frivolous, as a matter of law. And, of course, frivolous arguments don't engage our jurisdiction, either. Yes, Your Honor. It is our position that it is a violation of due process, with due respect to cases you cited, Your Honor, and to this Court, because he—the government did not— Do you have any support—your brief doesn't mention Kacharis, right? It's a nine-to-nothing decision of the Supreme Court. It says to violate a regulation is not to violate the Constitution. Now, maybe you've got some response, but ignoring adverse Supreme Court precedent doesn't—well, doesn't persuade us you've got a serious claim. Yes, Your Honor. Perhaps if I could move forward to other issues. The government also contended that he had been convicted of a crime involving moral turpitude. It's our position that he was not. And further, that if he is deported, that he faces a clear probability of persecution and has a well-founded fear of persecution. Judge DiMarzio found that he was a credible witness, and we submitted substantial evidence as to the danger to him in Mexico. If the Court has no further questions, I will reserve any additional argument for rebuttal. Thank you, Mr. Berger. Ms. Martin. Good morning, Your Honors, and may it please the Court. My name is Ashley Martin, and I represent the United States in this matter. Your Honors, the provision in 8 U.S.C. § 1252a2c limits this Court's jurisdiction because the petitioner is an alien convicted of a crime involving moral turpitude. Nevertheless, even if the Court were to disagree that § 1252a2c applies, it should still deny the petitions for review. I don't think you've heard much probability of disagreement. Yes, Your Honor. Your Honor, a petitioner raised an issue as to whether or not the Department of Homeland Security met its burden to establish alienage. And for a number of reasons, the Court should reject that argument. It's notable that in petitioner's brief, he fails to actually argue that he is not a citizen of Mexico. Instead, the petitioner quibbles with the evidence relied upon by the agency to sustain the charge of alienage. And as the First Circuit has recognized, it's questionable whether or not this Court has jurisdiction to review such a challenge where the petitioner is merely quibbling with the evidence relied upon by the agency, rather than raising any sort of substantial argument that he is not an alien as charged. Nevertheless, the Court need not reach this jurisdictional issue. The record in this case conclusively establishes that this petitioner is a native and citizen of Mexico. In his testimony, he testified that he was born in Durango, Mexico, and that he is a citizen of Mexico. Moreover, as the agency recognized, the petitioner filed a post-conviction petition with the Illinois State Court, challenging his conviction on the ground that he was not warned of the nearly certain immigration consequences. As the agency recognized, there would be no reason to file such a petition if this petitioner were not an alien. And finally, as the agency noted, there was a Form I-213 in the record, noting that this petitioner is a native and citizen of Mexico who entered the United States without inspection. Your Honors, for all of those reasons, the agency properly concluded that the charge of alienage was established. Furthermore, this particular burglary conviction is a crime involving moral turpitude, and the agency properly employed the modified categorical approach to reach that conclusion. The Board has long held that burglary involves moral turpitude if the unauthorized entry is undertaken for the purpose of committing a morally turpitudinous act. We know here from the conviction documents that the act at issue was theft, and in its decision in Hashish v. Gonzalez, the Court concluded that theft, as defined under Illinois state law, is categorically a crime involving moral turpitude. So here, you have that element satisfied. You have burglary undertaken for the purpose of committing theft, which this Court has concluded is categorically a morally turpitudinous act. Your Honors, for all of these reasons, the Court should conclude that it lacks jurisdiction. While the Court retains jurisdiction over colorable questions of law and constitutional claims, none are presented in the petitioner's opening brief. The Court has held that an argument that the agency's decision is not supported by enough evidence is not a question of law and is not a constitutional claim. And here, you had the agency denying the applications for asylum and withholding of removal based on the conclusion that there was no nexus between the feared harm and the proposed social group. That's a factual determination that this Court reviews for substantial evidence. As a result, the petitioner's arguments challenging that finding do not present a question of law within the meaning of Section 1252A2D. In addition, Your Honors, as to the application for protection under the Convention Against Torture, I would like to acknowledge and clarify that my brief does include an error on that point. This case does not involve deferral of removal under the Convention. It involves withholding of removal. And this Court has concluded that Section 1252A2C applies to applications for withholding of removal under the Convention Against Torture. So again, the Court must consider what kind of challenge to the denial of relief under the Convention is the Court being presented with. And here again, the challenge is a substantial evidence challenge. The petitioner argues that the agency's denial of the application under the Convention is not supported by enough evidence. And here again, that's not a question of law within the meaning of 8 U.S.C. Section 1252A2D. Finally, Your Honors, although the petitioner does raise various constitutional challenges in his opening brief, none of them are sufficiently colorable to provide this Court with jurisdiction. The petitioner presents an Eighth Amendment challenge that was rejected by this Court in Zamora Malari v. Mukasey. In that case, the Court concluded that a removal order is not an excessive fine within the meaning of the Eighth Amendment, nor does it constitute cruel and unusual punishment under the Eighth Amendment because you're not dealing with a criminal conviction. Finally, as the Court noted, a claim that the agency violated a regulation is not automatically a due process argument. The Due Process Clause in two of the Eighth Amendment. Scalia. It's not ever. That's the holding of Katsharis. Not ever. Yes, Your Honor. The Constitution is just independent of regulations. It doesn't grow as regulations change. It doesn't shrink as regulations change. Yes, Your Honor, that's correct. And what the Constitution provides individuals like this petitioner with is the opportunity for a full and fair hearing on the charge of removability and any applications for relief. And here that's precisely what the petitioner received. He was represented by counsel throughout his removal proceeding. He received an opportunity to challenge the allegations of removability, and he certainly received the opportunity to present documentary evidence and testimony in support of his applications. So for that reason, this petitioner did receive due process. As to the argument regarding voluntary departure, that's a form of relief that simply was not requested before the immigration judge. At most, at the beginning of the removal proceeding, this petitioner did indicate that he would apply for voluntary departure during the merits hearing, but he simply failed to do so, and moreover, he failed to present any evidence designed to demonstrate his eligibility for voluntary departure. So as the board properly noted, any argument that the immigration judge aired by failing to consider this petitioner for voluntary departure was waived. And even if it were not waived, the regulations governing voluntary departure provide that any grant of voluntary departure terminates whenever the petitioner files a petition for review. So here, even if this petitioner had received voluntary departure, that relief would have terminated when he filed a petition with this court. So for that reason, even if there were a due process error concerning voluntary departure, there would be no prejudice. Your Honors, if you don't have any questions for the government, I will conclude with those remarks and ask that the court dismiss these petitions for lack of jurisdiction or alternatively deny the petitions. Thank you, Ms. Markham. Mr. Barrett. Thank you, Your Honors. Counsel. Counsel refers to the I-213, and I would note, as I did in my brief, that there is an error on that refers to a she rather than he. It's in the record between 401 and 403. Further, it does not state how the government reached the conclusion that the respondent was not a citizen or native of the United States. Additionally, as to the applications that were filed, they cannot be used to establish alienation. That's very clear from ACFR 1240.49, small e in parentheses. We would submit, Your Honors, that this court does have jurisdiction. We would ask that you exercise it. This young man is deathly afraid of returning to Mexico. He's lived here virtually his entire life. We would submit the government has not met its burden in this case, that you do have jurisdiction to correct what was done below. We thank you very much for your time, Your Honors. Thank you, Mr. Barrett. Thanks to both counsel. The case is taken under advisory.